UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
GERARDO MERCADO,                                                         :
                                                                         :
                                  Plaintiff,                             :    18-CV-6403 (JMF)
                                                                         :
              -v-                                                        :    ORDER
                                                                         :
ARTHUR COURT REALTY MGT. CORP., VAN                                      :
COURTLAND ASSETS LLC, and MEHMED MILJUS,                                 :
                                                                         :
                                  Defendant.                             :
                                                                         :
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

      By letter dated October 16, 2018, (Docket No. 23), the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. By Order entered October 16, 2018, (Docket No. 24), the Court directed the parties to submit the settlement agreement along with a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

      The Court, having reviewed the settlement and the parties' letter, dated October 30, 2018, (Docket No. 26), finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id.* Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or

implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").  To the extent the parties modify, amend, or otherwise change the settlement pursuant to Paragraph 14 of the settlement agreement, (Docket No. 25), however, they must submit such modification, amendment, or change to the Court for further approval.

Further, the Court finds that the proposed award of attorney's fees, while high relative to the size of the Plaintiff's claim and recovery, is not unreasonable given counsel's actual work on the case.  *See Wolinsky*, 900 F. Supp. 2d at 336-37.  Accordingly, the Court approves the settlement and dismisses the case with prejudice.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Dated: October 31, 2018
       New York, New York

_____
JESSE M. FURMAN
United States District Judge